The Honorable Jim Guy Tucker Lieutenant Governor State of Arkansas State Capitol Little Rock, AR 72201
Dear Mr. Tucker:
This is in response to your request for an opinion regarding the certification of marking devices and automatic tabulating equipment used in electronic voting systems. See A.C.A. §7-5-601 et seq. You have asked, specifically, whether the State Board of Election Commissioners is prohibited from considering and certifying systems at either (a) continuing recessed sessions of the annual meeting, or (b) regular meetings, other than the annual meeting, established pursuant to rules and regulations.
Your questions require consideration of A.C.A. § 7-5-606, which governs the State Board's approval of electronic voting systems. It is my opinion, following a review of this Code section, that as to those devices and systems with respect to which the Secretary of State receives timely written application, such devices and systems must generally be reviewed by the Board on the Tuesday after the first Monday in April. Subsection (b)(1) of § 7-5-606 authorizes any person or company to ". . . file written application with the Secretary of State and request an opportunity to exhibit and demonstrate devices and systems." Subsection (b)(2) then states:
 The State Board of Election Commissioners shall meet annually on the Tuesday after the first Monday in April for the purpose of reviewing devices and systems if written application shall have been received by the Secretary of State, at least fifteen (15) days prior to the date of meeting, in writing by ordinary mail addressed to each member of the board and to each person or company applying to exhibit and demonstrate any device or system. [Emphasis added.]
It thus appears that the April annual meeting date is mandatory if written application is received within the requisite period. The Board must file a report of its action with the Secretary of State ". . . within ten (10) days following an annual meeting." A.C.A. § 7-5-606(b)(3). Any person or company aggrieved by the Board's decision may appeal to the Circuit Court of Pulaski County within sixty (60) days from the filing of the report. A.C.A. § 7-5-606(b)(5).
These provisions suggest that continuing recessed sessions of the April meeting would not be appropriate, except perhaps under special circumstances and with the consent of the applicants. There is, however, in my opinion, no prohibition against the Board meeting at times other than the April annual meeting in order to review and certify those devices and systems with respect to which an application was received outside the requisite period under § 7-5-606(b)(2), supra. While there appears to be no requirement that the Board hold such meetings, nor can we discern any prohibition in this regard. Indeed, A.C.A. § 7-4-101(d) states that the State Board "shall meet at least every three (3) months, and more often if needed. . . ." (Emphasis added.) The dates of such meetings would, in my opinion, be within the Board's exercise of its rulemaking authority under § 7-5-606.
It is therefore my opinion, in response to your specific questions, that: (a) the Board may consider and certify systems at recessed sessions of the annual meeting if the systems are those as to which written application was received at least 15 days prior to the April date and if the person or company wishing to exhibit the system consents to the Board action; and (b) the Board is not prohibited from reviewing and certifying other systems at regular meetings (other than the annual meeting) established pursuant to rules and regulations.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb